IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of: | Case No. 11-05360 (BKT) |
| MIGUEL ANGEL MENDEZ CORDOVA<br>SSN: xxx-xx-8943 | Chapter 13 |
| Debtor | |

OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN
DATED JUNE 26TH 2011 (DOCKET NO. 2)

TO THE HONORABLE COURT:

COMES NOW, creditor BANCO POPULAR DE PUERTO RICO, represented by the undersigned attorney and hereby objects to the proposed chapter 13 plan on the following grounds:

1. On June 26th 2011, the above named debtor filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Banco Popular de Puerto Rico is a secured creditor of the above named debtor pursuant to 11 U.S.C. §101(10) and therefore, a party in interest in the instant proceeding.

3. Debtor is the owner of a real property located at Road 160 Km 8 Hm 1, Almirante Sur Ward in the Municipality of Vega Baja, Puerto Rico. Said property is encumbered with a mortgage in favor of Banco Popular de Puerto Rico.[1]

---

[1] The property belongs to the debtor and his spouse Aleida Rodriguez Colon, who also signed all the documents listed in ¶ 4 of this motion.

4. Banco Popular filed the corresponding claim for its secured debt on October 4th 2011, in the amount of $33,930.59. Copy of the Promissory Note, the Mortgage Deed and a Pledge Agreement are attached to the claim. Please refer to claim no. 2 filed by appearing creditor.

5. Debtor's proposed Chapter 13 Plan dated June 26th 2011 (docket no. 2), calls for sixty (60) payments of $408.00; a lump sum payment of $55,000.00 within twelve months, to come from the refinancing and/or sale of his real property; for a total base of $24,480.00.[2] The proposed plan provides for the Trustee to pay attorney's fees in the amount of $2,600.00 through the plan; pre-petition arrears and direct payments to Banco Popular de Puerto Rico; and pro-rata distribution to all general unsecured creditors.

6. Section 1325(a) (5) of the Bankruptcy Code, 11 U.S.C. §1325(a)(5), clearly states that the plan must provide for each secured claim and that the holder of such claim has accepted the plan.

7. The mortgage note reached its maturity date on July 3rd 2011, and for that reason Banco Popular will not accept direct payments for this mortgage loan from the debtor. Debtor must provide for the payment "In Full" of the balance owed through the chapter 13 trustee. The monthly payment of the loan was $558.10.

8. Debtor listed in "Schedule J" of his voluntary petition that the mortgage payment was $410.00 and the proposed plan states that he will continue to make monthly payments directly to Banco Popular. The last payment received by appearing

creditor on this account was made on August 27th 2010. That fact alone raises an issue of disposable income. Where the amount of $410.00 listed as mortgage payment in debtor's "Schedule J" is going?

9. Banco Popular de Puerto Rico hereby objects the treatment provided by the debtor in the proposed chapter 13 plan.

WHEREFORE, creditor BANCO POPULAR DE PUERTO RICO, respectfully requests this Honorable Court to deny confirmation of the proposed plan for the reason stated in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT WITHIN TWENTY-ONE (21) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE OBJECTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF ITS AGAINST PUBLIC POLICY; (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY: That on October 7th 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Mr. Juan O. Calderon Lithgow, Esq., Attorney for debtor; Mr. Jose R. Carrion Morales, Esq., Chapter 13 Trustee; and I hereby certify that I have mailed by the United States

---

[2] The total base of the plan should be $79,480.00 (sixty payments of $408.00 equals to $24,480.00 plus the lump sum payment of $55,000.00).

Postal Service the document to the following non CM/ECF participants: Mr. Miguel A. Mendez Cordova, Debtor, PO Box 4276, San Juan, P.R. 00694.

Respectfully submitted in San Juan, Puerto Rico, this 7th day of October, 2011.

**s/ EDGAR A. VEGA RIVERA**
EDGAR A. VEGA RIVERA, ESQ.
USDC- PR 212210
Attorney for Banco Popular de Puerto Rico
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849; Fax. (787) 751-7827
E-mail: edvega@bppr.com